# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2023

Lyle W. Cayce
Clerk

No. 22-40512
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Oziel Cantu,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1414-1

_____

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Oziel Cantu appeals the 120-month sentence imposed following his guilty plea to accepting a bribe by a public official, in violation of 18 U.S.C. § 201(b)(2)(C). The district court calculated Cantu's Sentencing Guidelines range to be 108 to 135-months' imprisonment. He maintains the court erred by: enhancing his sentence under Guideline § 2C1.1(b)(1) and (4); applying

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the § 2C1.1(c)(1) cross-reference to reach a drug amount of 38 kilograms of cocaine; and when applying the § 2C1.1(c)(1) cross-reference, retaining the § 2D1.1(b)(16)(C) two-level enhancement for being directly involved in importing a controlled substance. He further contends the court should have granted him a downward departure or variance.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guideline § 2C1.1(c)(1) cross-reference applies if the offense was committed for the purpose of facilitating the commission of another criminal offense. In that case, the offense guideline applicable to a conspiracy to commit the other offense applies. U.S.S.G. § 2C1.1(c)(1).

Cantu posits that § 2C1.1(c)(1) cannot apply to him because there was no conspiracy and the only cocaine involved was 11 kilograms of sham cocaine transported by an undercover agent. His argument fails given that Cantu, while working as a border-patrol officer, orchestrated from his post at the secondary inspection lane the successful crossing of a vehicle he believed contained cocaine. *See United States v. Ruiz*, 621 F.3d 390, 395 (5th Cir. 2010); *United States v. Burke*, 431 F.3d 883, 886–87 (5th Cir. 2005) (providing "sentence for a drug conspiracy may be based on a quantity of fake drugs").

Because the cross-reference applies, Cantu's offense level is determined under § 2D1.1 rather than § 2C1.1; therefore, his challenges to the enhancements pursuant to § 2C1.1(b)(1) for accepting more than one bribe, and § 2C1.1(b)(4) for facilitating, as a public official, the entry of a person, vehicle, or cargo into the United States, are moot.

We lack jurisdiction to review the court's refusal to grant a downward departure given that Cantu does not contend, and the record does not suggest, that the court was unaware of its authority to depart from the Guidelines range. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018).

Regarding his downward-variance claim, assuming *arguendo* our court recognizes sentencing entrapment, Cantu must establish that he was persuaded to commit a greater offense than he otherwise was predisposed to commit or that the conduct of law-enforcement officials was overbearing or outrageous. *See United States v. Stephens*, 717 F.3d 440, 446 (5th Cir. 2013); *United States v. Jones*, 664 F.3d 966, 984 (5th Cir. 2011).

Cantu initiated the meeting with the drug-trafficking organization and offered the many ways he could assist in smuggling drugs. Further, after meeting with the undercover agent for the first time, Cantu texted the agent requesting another meeting. At that meeting, Cantu set his own price and determined the quantity of drugs. Had the undercover agents acted on Cantu's suggestion of 40 kilograms of cocaine, Cantu would have received $30,000. These facts do not make the showing required for sentencing entrapment. *See Stephens*, 717 F. 3d at 446–47.

Finally, Cantu contends the court erred when it retained the § 2D1.1(b)(16)(C) two-level enhancement for Cantu's having been directly involved in importing a controlled substance after the court declined to apply an aggravating-role adjustment. Because he did not object on this basis in

district court, review is only for plain error. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The two-level enhancement under Guideline § 2D1.1(b)(16)(C) applies only if defendant receives an aggravating-role adjustment, which, as noted, Cantu did not. The Government concedes, and we agree, that this was plain error. Without that enhancement, Cantu's offense level is 29, and, with a criminal history category I, it appears his advisory Guidelines sentencing range is 87 to 108-months' imprisonment. *See* U.S.S.G. Ch.5, Pt. A (sentencing table). Because the court considered the incorrect range of 108–135 months and Cantu's 120-months' sentence exceeds the above-described correct range, we exercise our discretion under plain-error review to correct the forfeited error. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907–11 (2018). Therefore, we remand for resentencing.

We AFFIRM the conviction, the application of the § 2C1.1(c) cross-reference, and the denial of a downward variance. We VACATE the sentence and REMAND for resentencing with instruction that, in resentencing Cantu, the district court should consider the correct Guidelines range.